T.C. Memo. 1998-369

UNITED STATES TAX COURT

JOHN ROBERT FORREST V, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2437-97.                    Filed October 8, 1998.

John Robert Forrest V, pro se.

<u>Cheryl M. D. Rees</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:   This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

---

[1]    Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in

Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax for the years as follows:

| Year | Deficiency | Additions to Tax Sec. 6651(a)(1) | Sec. 6654 |
|------|-----------|-----------|-----------|
| 1991 | $850 | $212.50 | --- |
| 1992 | 832 | 208.00 | $36.27 |
| 1993 | 872 | 218.00 | 36.54 |
| 1994 | 883 | 220.75 | 45.85 |

The issues for decision are: (1) Whether petitioner received and failed to report income during the taxable years in issue; (2) whether petitioner is liable for the section 6651(a)(1) additions to tax for failure to file his returns for the taxable years in issue; (3) whether petitioner is liable for the section 6654(a) additions to tax for failure to make estimated income tax payments for 1992, 1993, and 1994; and (4) whether we should impose a penalty on petitioner pursuant to section 6673(a).

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner resided in Grimstead, Virginia, on the date the petition was filed in this case.

Petitioner did not file Federal income tax returns for the taxable years in issue. He was a 50-percent partner in Forrest Seafood Company (FSC) during the taxable years in issue. He received guaranteed payments from FSC which he has stipulated

issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

were self-employment income during the taxable years in which such payments were received. He has also stipulated that respondent properly determined the amounts of his distributive shares of FSC's income, loss, and deductions for the taxable years in issue.

The first issue for decision is whether petitioner received and failed to report income during the taxable years in issue.

Petitioner has stipulated to all of the adjustments in the statutory notice of deficiency except for the unreported interest income determined from information returns received by respondent. Petitioner has not asserted any reasonable dispute with respect to the accuracy of the information returns. Cf. sec. 6201(d). Based on the record, we find that petitioner has failed to prove any error in respondent's determinations of his unreported income. Rule 142(a). Accordingly, we hold that petitioner received and failed to report income during the taxable years in issue in the amounts determined by respondent.

The second issue for decision is whether petitioner is liable for the section 6651(a)(1) additions to tax for failure to file his returns for the taxable years in issue.

Section 6651(a)(1) imposes an addition to tax for failure to timely file a return, unless the taxpayer establishes that such failure is due to reasonable cause and not due to willful neglect. "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence and was

nonetheless unable to file a return within the prescribed time. United States v. Boyle, 469 U.S. 241, 245-246 (1985). "Willful neglect" means a conscious, intentional failure or reckless indifference. Id. at 246. The addition to tax equals 5 percent of the tax required to be shown on the return if the failure to file is for not more than 1 month, with an additional 5 percent for each additional month or fraction of a month during which the failure to file continues, not to exceed a maximum of 25 percent. Sec. 6651(a)(1).

Based on the record, we find that petitioner has failed to prove that his failure to file his returns was not due to willful neglect or that such failure was due to reasonable cause.[2] We therefore hold that petitioner is liable for the section 6651(a)(1) additions to tax.

The third issue for decision is whether petitioner is liable for the section 6654(a) additions to tax for failure to make estimated income tax payments for 1992, 1993, and 1994.

Unless the taxpayer demonstrates that one of the statutory exceptions applies, imposition of the section 6654(a) addition to tax is mandatory where prepayments of tax, either through withholding or by making estimated quarterly tax payments during the course of the taxable year, do not equal the percentage of

---

[2] The only explanation that petitioner provided for his failure to file was that he "conscientiously object[s] to being in the Social Security system and there is no way that [he] know[s] of to avoid that other than to not file."

total liability required under the statute.  Sec. 6654(a);

Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992).

Petitioner bears the burden of proving his entitlement to any

exception.  Habersham-Bey v. Commissioner, 78 T.C. 304, 319-320

(1982).

Petitioner did not make any estimated tax payments for 1992,

1993, or 1994, nor has he shown that any of the statutory

exceptions are applicable in this case.  We therefore hold that

petitioner is liable for the section 6654(a) additions to tax for

1992, 1993, and 1994.

The fourth issue for decision is whether we should impose a

penalty on petitioner pursuant to section 6673(a).

Whenever it appears to this Court that proceedings before it

have been instituted or maintained by the taxpayer primarily for

delay or the taxpayer's position in such proceeding is frivolous

or groundless, the Court, in its discretion, may require the

taxpayer to pay to the United States a penalty not in excess of

$25,000.  Sec. 6673(a)(1)(A) and (B).  A position maintained by a

taxpayer in the Tax Court is frivolous "if it is contrary to

established law and unsupported by a reasoned, colorable argument

for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71

(7th Cir. 1986).

We find that petitioner's arguments made in his trial

memorandum and his objection at trial to his participation in the

Social Security system are clearly frivolous.  Petitioner has

caused this Court to waste its limited resources on his erroneous interpretations of the Internal Revenue Code which he knew or should have known are completely without merit.  In view of the foregoing, we will exercise our discretion under section 6673(a) and require petitioner to pay a penalty to the United States in the amount of $500.

To reflect the foregoing,

Decision will be entered for respondent.