T.C. Memo. 2005-228


UNITED STATES TAX COURT


JOHN R. FORREST, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10270-03L.          Filed September 29, 2005.


John R. Forrest, pro se.

<u>Mary Ann Waters</u>, for respondent.


MEMORANDUM OPINION


GALE, <u>Judge</u>:  This case is before us on respondent's motion for summary judgment on the question of whether he may proceed with a levy to collect petitioner's outstanding liabilities for income taxes for the taxable years 1991, 1992, 1993, and 1994, and whether a penalty should be imposed on petitioner pursuant to

section 6673(a)(1).[1]  Petitioner filed a response to respondent's motion, and a hearing was held thereon.  Although petitioner's response initially disputed whether respondent had correctly computed interest and penalties for the years at issue, petitioner conceded at the hearing that the computations were correct.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or part of the legal issues in controversy "if the pleadings, answers to interrogatories, * * * together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law".  Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  The moving party bears the burden of proving that there is no genuine issue of material fact, and  factual inferences are drawn in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

---

[1] Unless otherwise noted, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The parties have stipulated or otherwise do not dispute the following.

At the time of filing the petition in the instant case, petitioner resided in Grimstead, Virginia. Petitioner is a college graduate.

On November 15, 1996, respondent sent petitioner a notice of deficiency, determining Federal income tax deficiencies for the taxable years 1991, 1992, 1993, and 1994. Petitioner received the notice of deficiency.

On February 7, 1997, petitioner timely filed a petition with this Court for a redetermination of the deficiency.

On October 9, 1998, this Court issued an opinion in petitioner's case, see Forrest v. Commissioner, T.C. Memo. 1998-369, followed by entry of decision on October 30, 1998, sustaining the 1991-94 deficiencies in full and imposing a $500 penalty under section 6673(a)(1) upon petitioner for making frivolous arguments.

Respondent issued a Notice of Balance Due for each of the years 1991 through 1994 on April 26, 1999.

On May 27, 2002, respondent sent petitioner a Letter 1058, Final Notice--Intent to Levy and Notice of Your Right to a Hearing, advising petitioner that respondent intended to levy and collect unpaid income tax liabilities for 1991, 1992, 1993, and

1994. Petitioner timely submitted to respondent a Form 12153, Request for a Collection Due Process Hearing, covering the foregoing years. On the Form 12153, petitioner alleged that the proposed levy was invalid for the following reasons:

> The United States of America has no valid Constitutional authority to levy any income tax, or self-employment tax, or interest or penalties on those taxes. The 16th Amendment, which appears to grant such authority, is contrary and repugnant to the 10th amendment which allocated 100 percent of all possible rights and powers at the time of its adoption. Any increase in Federal power at the expense of either individual rights or states rights is a violation of the 10th amendment.

On May 20, 2003, a face-to-face meeting with petitioner was held by an Appeals officer.

On May 29, 2003, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, with respect to petitioner's unpaid liabilities for 1991, 1992, 1993, and 1994. The notice of determination noted that petitioner offered no collection alternatives and presented arguments concerning the underlying tax liabilities that could not be considered, given that petitioner had received a statutory notice of deficiency with respect to the liabilities. The notice concluded that the proposed levy properly balanced the efficient collection of the liabilities with any concerns regarding the intrusiveness of the action and that respondent could proceed with collection. The notice also advised petitioner of the Tax Court's authority to impose a penalty under section 6673 where

litigants advance frivolous or groundless positions and of the Appeals officer's view that the positions petitioner had taken in his hearing request and at the hearing were groundless.

On June 30, 2003, petitioner filed a petition with this Court seeking review of the Appeals officer's determination.

## Discussion

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after notice and demand for payment is made. Section 6331(d) provides that the levy authorized in section 6331(a) may be made with respect to any unpaid tax only if the Secretary has given written notice to the taxpayer 30 days before the levy. Section 6330(a) requires the Secretary to send a written notice to the taxpayer of the amount of the unpaid tax and of the taxpayer's right to a section 6330 hearing at least 30 days before any levy is begun.

If a section 6330 hearing is requested, the hearing is to be conducted by Appeals, and, at the hearing, the Appeals officer conducting it must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(b)(1) and (c)(2). The taxpayer may raise at the hearing "any relevant issue relating to the unpaid tax or the proposed levy". Sec. 6330(c)(2)(A). The taxpayer may also raise challenges to the existence or amount of the underlying tax liability at the

hearing, but only if the taxpayer did not receive a statutory notice of deficiency with respect to the underlying tax liability or did not otherwise have an opportunity to dispute that liability.  Sec. 6330(c)(2)(B).

At the conclusion of the hearing, the Appeals officer must determine whether and how to proceed with collection and shall take into account (i) the verification that the requirements of any applicable law or administrative procedure have been met, (ii) the relevant issues raised by the taxpayer, (iii) challenges to the underlying tax liability by the taxpayer, where permitted, and (iv) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary.  Sec. 6330(c)(3).

We have jurisdiction to review the Appeals officer's determination where we have jurisdiction over the type of tax involved in the case.  Sec. 6330(d)(1)(A); see Iannone v. Commissioner, 122 T.C. 287, 290 (2004).  Generally, we may consider only those issues that the taxpayer raised during the section 6330 hearing.  See sec. 301.6330-1(f)(2), Q&A-F5, Proced. & Admin. Regs.; see also Magana v. Commissioner, 118 T.C. 488, 493 (2002).  Where the underlying tax liability is properly at issue, we review the determination de novo.  E.g., Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Where the underlying

tax liability is not at issue, we review the determination for abuse of discretion. Id. at 182. Whether an abuse of discretion has occurred depends upon whether the exercise of discretion is without sound basis in fact or law. See Ansley-Sheppard-Burgess Co. v. Commissioner, 104 T.C. 367, 371 (1995).

In the instant case, it is undisputed that petitioner received a notice of deficiency with respect to the outstanding liabilities for 1991, 1992, 1993, and 1994. Petitioner timely petitioned this Court for a redetermination of the asserted deficiencies, and an opinion and decision ensued which sustained the 1991-94 deficiencies in full and imposed a section 6673 penalty on petitioner. See Forrest v. Commissioner, T.C. Memo. 1998-369. Consequently, petitioner was precluded from disputing the underlying tax liabilities for 1991-94 at his hearing and herein, see sec. 6330(c)(2)(B), and our earlier decision would in any event be res judicata.

The only argument petitioner maintains in opposition to respondent's motion is his contention, raised in his hearing and in the petition, that the liabilities at issue may not be collected because the Federal income tax is unconstitutional.[2]

---

[2] Petitioner also argued in his petition that he did not receive notice of the assessment of the liabilities at issue, but did not renew that argument in his opposition to respondent's motion. Assuming arguendo the argument has not been abandoned, this claim is unavailing. The notice of intent to levy, receipt of which by petitioner is undisputed, was sufficient to satisfy

(continued...)

More specifically, petitioner contends that the 16th Amendment authorizing a direct tax on income is itself unconstitutional because it violates the 10th Amendment. Even if petitioner's argument contained a scintilla of merit (which it does not), it would be unavailing in this proceeding because petitioner is precluded at this point from disputing the underlying tax liabilities. Sec. 6330(c)(2)(B).

The foregoing being petitioner's only argument, and there being no genuine issue as to any material fact, see Rule 121(a) and (b), we conclude that respondent is entitled to summary judgment in his favor on the issue of whether he may proceed with the proposed levy.

In his motion, respondent also seeks imposition on petitioner of a penalty under section 6673(a)(1). We have previously warned taxpayers that penalties under section 6673 may be imposed in lien and levy actions where frivolous or groundless positions are taken. See, e.g., <u>Roberts v. Commissioner</u>, 118

---

[2](...continued)
the notice requirements of sec. 6303(a). <u>Hughes v. United States</u>, 953 F.2d 531, 536 (9th Cir. 1992); <u>Standifird v. Commissioner</u>, T.C. Memo. 2002-245, affd. 72 Fed. Appx. 729 (9th Cir. 2003).

Finally, petitioner argued, for the first time at the hearing on respondent's motion, that sec. 6330 did not apply to this case because the statute was enacted after the deficiencies for 1991-94 had been determined and assessed. Even if petitioner were permitted to raise the issue at this point, it is devoid of merit. Sec. 6330 applies to <u>collection actions</u> commenced 180 days after its July 22, 1998, enactment, or Jan. 18, 1999. The collection action in this case commenced on May 27, 2002.

T.C. 365, 372-373 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Pierson v. Commissioner, 115 T.C. 576, 581 (2000).  Petitioner's argument that the Federal income tax is unconstitutional because the 16th Amendment violates the 10th amendment is patently frivolous,[3] and all other arguments he raised at various points in the proceeding are similarly groundless.  He was expressly warned in the notice of determination that his constitutional argument was groundless and might result in a penalty under section 6673 in any Tax Court proceeding.  He persisted with the argument throughout this proceeding, even after respondent's counsel provided him with authority holding the argument groundless.  Moreover, petitioner previously received a $500 penalty under section 6673(a)(1) for making groundless arguments in the deficiency proceeding covering the liabilities at issue herein.

Petitioner's groundless arguments and contumacious conduct have wasted the time and resources of respondent and this Court. While a more substantial penalty may be warranted, we shall impose a penalty pursuant to section 6673(a)(1) of $2,500, in light of the relatively modest size of the liabilities at issue. Petitioner is hereby warned, however, that should he advance frivolous or groundless arguments in this Court in the future,

---

[3] See, e.g., Harrell v. Commissioner, 191 F.3d 456 (7th Cir. 1999), affg. without published opinion T.C. Memo. 1998-207.

more severe penalties may be imposed.  To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.