T.C. Memo. 2007-137


UNITED STATES TAX COURT


EDWARD FONG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18124-05L.                    Filed May 31, 2007.


Edward Fong, pro se.


<u>Laura Buckley</u> and <u>Mary Schewatz</u>, for respondent.


MEMORANDUM OPINION


MARVEL, <u>Judge</u>:  This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent alleges that we do not have jurisdiction under section

6330(d)(1)[1] to review respondent's decision to proceed with a levy action to collect petitioner's unpaid tax liability for 2001.  Petitioner filed a response in opposition to the motion.

## Background

Petitioner resided in Newark, California, when the petition in this case was filed.

Petitioner failed to file a Federal income tax return for 2001.  As a result, on October 20, 2003, respondent prepared a substitute return under section 6020(b).  Based on petitioner's substitute return, respondent determined a deficiency for 2001, and on July 5, 2004, respondent assessed additional tax, interest, and penalties owed by petitioner.

Respondent attempted unsuccessfully to collect petitioner's unpaid 2001 tax liability.  On October 23, 2004, respondent mailed to petitioner a Letter 1058, Final Notice of Intent to Levy and Your Right to Request a Hearing Under Section 6330 (final notice).  On January 24, 2005, the final notice was returned to respondent as undeliverable.  On April 10, 2005, respondent received from petitioner a Form 12153, Request for a Collection Due Process Hearing (section 6330 hearing request). The Internal Revenue Service Appeals Office (Appeals Office) determined that petitioner's section 6330 hearing request was not

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

submitted timely under section 6330(a)(3)(B) because petitioner failed to file the request within 30 days after the date of the final notice. Consequently, the Appeals Office held an "equivalent hearing" under section 301.6330-1(i), Proced. & Admin. Regs., instead of a regular section 6330 hearing, and on September 1, 2005, the Appeals Office issued to petitioner a Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330 of the Internal Revenue Code (decision letter). In the decision letter, the Appeals officer found that all legal and administrative requirements had been met, petitioner had not proposed an acceptable collection alternative and had not cooperated with the collection of tax, and the Commissioner could proceed with the levy action to collect petitioner's unpaid tax liability for 2001.

On September 26, 2005, the petition in this case was filed.[2] On June 15, 2006, petitioner filed an amended petition in which he argued, among other things, that respondent improperly denied him a valid section 6330 hearing.

---

[2] Petitioner's original petition did not conform to the Rules of this Court, and petitioner was ordered to file a properly amended petition on or before Nov. 14, 2005. Petitioner received two extensions to file an amended petition but did not file an amended petition within the prescribed time limits. On Mar. 30, 2006, petitioner's case was dismissed for lack of jurisdiction. On June 13, 2006, petitioner's motion to file motion to vacate order of dismissal for lack of jurisdiction was filed. Petitioner's motion was granted on June 15, 2006, and his motion to vacate the order dismissing his case for lack of jurisdiction was filed and granted on that date.

On December 11, 2006, respondent filed a motion to dismiss for lack of jurisdiction. On January 3, 2007, petitioner filed a response opposing respondent's motion. On February 5, 2007, this case was called for hearing on respondent's motion. There was no appearance by or on behalf of petitioner.[3]

## Discussion

A. Notice of Determination and Section 6330(d) Review

The Secretary is authorized to collect a taxpayer's unpaid tax liability by way of a levy upon the person's property if the person neglects or refuses to pay the tax owed within 10 days after notice and demand for payment. Sec. 6331(a). Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing (section 6330(a) notice) of the right to a hearing (section 6330 hearing) before the levy is made.[4] The section 6330(a) notice must be given in person, left at the person's dwelling or usual place of business, or sent by certified or registered mail, return receipt requested, to the person's last known address. Sec. 6330(a)(2); sec. 301.6330-1(a), Proced. & Admin. Regs.

---

[3] After the hearing, respondent filed a motion to dismiss for lack of prosecution. Because we hold that we do not have jurisdiction to hear petitioner's case under sec. 6330(d), the motion to dismiss for lack of prosecution will be denied.

[4] Under sec. 6331(d), the Secretary is also required to give notice of intent to levy before a levy may proceed.

A section 6330 hearing will be conducted if the taxpayer submits a timely written request in response to the section 6330(a) notice.  Sec. 6330(b) and (c).  The taxpayer must request the section 6330 hearing within the 30-day period commencing on the day after the date of the section 6330(a) notice.  Sec. 6330(a)(3)(B); sec. 301.6330-1(b)(1), Proced. & Admin. Regs.  If a taxpayer makes a timely request for a section 6330 hearing, a hearing shall be held before an impartial officer or employee of the Appeals Office.[5]  Sec. 6330(b)(1), (3).  Following a section 6330 hearing, an Appeals officer will issue a notice of determination indicating whether the proposed levy action may proceed.[6]  Sec. 301.6330-1(e)(3), Q&A-E8, Proced. & Admin. Regs.  Under section 6330(d)(1), the taxpayer may petition this Court to

---

[5] At the sec. 6330 hearing, a taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives.  Sec. 6330(c)(2)(A).  Taxpayers are precluded from contesting the existence or amount of the underlying tax liability unless the taxpayer failed to receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

[6] In making its determination, the Appeals Office is required to take into consideration:  (1) The verification presented by the Secretary that the requirements of applicable law and administrative procedures have been met; (2) the relevant issues raised by the taxpayer; and (3) whether the proposed levy action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns regarding the intrusiveness of the proposed levy action.  Sec. 6330(c)(3).

review the determination made by the Appeals officer.  See sec. 301.6330-1(f)(1), Proced. & Admin. Regs.

A taxpayer who makes an untimely request for a section 6330 hearing is not entitled to a section 6330 hearing but will instead receive an "equivalent hearing" under section 301.6330-1(i)(1), Proced. & Admin. Regs.  An equivalent hearing is held by the Appeals Office and generally is conducted in the same manner as a section 6330 hearing.  Sec. 301.6330-1(i)(1), Proced. & Admin. Regs.  However, the result of an equivalent hearing is a decision letter, not a notice of determination.  Id. The decision letter generally contains the same information as a notice of determination.  Sec. 301.6330-1(i)(2), Q&A-I4, Proced. & Admin. Regs.  However, a decision letter issued by the Appeals Office is not subject to judicial review under section 6330(d). Id., Q&A-I5; see also Moorhous v. Commissioner, 116 T.C. 263, 270-271 (2001); Kennedy v. Commissioner, 116 T.C. 255, 263 (2001).

The Tax Court is a court of limited jurisdiction, and we may exercise that jurisdiction only to the extent authorized by Congress.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985). This Court's jurisdiction under section 6330(d) is dependent upon the issuance of a valid notice of determination by the Appeals Office following the completion of a section 6330 hearing.  See Orum v. Commissioner, 123 T.C. 1 (2004), affd. 412 F.3d 819 (7th

Cir. 2005); <u>Sarrell v. Commissioner</u>, 117 T.C. 122, 125 (2001);

<u>Moorhous v. Commissioner</u>, <u>supra</u> at 269; <u>Offiler v. Commissioner</u>,

114 T.C. 492, 498 (2000); see also Rule 330(b).

In this case, the record clearly reflects that respondent did not issue a notice of determination to petitioner under section 6330.  Consequently, we do not have jurisdiction under section 6330(d) to review respondent's decision to proceed with the proposed levy action.[7]  However, because the basis for dismissal may affect whether respondent can proceed with collection and/or may otherwise affect petitioner's rights, we must determine the proper ground for dismissal.  We must therefore decide whether respondent's failure to issue a notice of determination was proper.  See <u>Kennedy v. Commissioner</u>, <u>supra</u> at 261.

B.  <u>Section 6330(a) Notice</u>

As discussed above, before a levy may proceed, section 6330(a) requires the Secretary to notify the taxpayer in writing of his right to a section 6330 hearing.  Respondent argues that he satisfied the requirements of section 6330(a)(2)(C) because he sent the final notice by certified mail, return receipt requested, to petitioner's last known address.  Respondent

---

[7] If an Appeals officer has held an equivalent hearing and issued a decision letter (rather than a notice of determination) in error, because he or she has concluded mistakenly that the hearing request was untimely, we may exercise jurisdiction after all.  <u>Craig v. Commissioner</u>, 119 T.C. 252 (2002).

asserts that petitioner's section 6330 hearing request was not received timely, and as a result, petitioner was not entitled to a section 6330 hearing.  Respondent contends that because a section 6330 hearing was not conducted, respondent properly did not issue a notice of determination, and therefore, the Tax Court lacks jurisdiction under section 6330(d) to review respondent's decision to proceed with the proposed levy.

In his response, petitioner contends that no section 6330(a) notice was issued or mailed by respondent.  More specifically, petitioner alleges that respondent never mailed the October 23, 2004, final notice to petitioner.[8]  In support of his argument, petitioner claims that the United States Postal Service (USPS) has no record of the certified mail number offered by respondent in connection with the final notice.  Petitioner asserts that he attempted to verify the certified mail number through the track and confirm feature on the USPS Web site, but no record of the number was found.  Petitioner also claims that a USPS representative he contacted by phone stated that the USPS had no record of the certified mail number.  Petitioner concludes that he was improperly denied a section 6330 hearing because he was precluded from submitting a timely section 6330 hearing request.

---

[8] Petitioner concedes that the address to which the final notice was allegedly sent is petitioner's last known address.

Respondent bears the burden of proving by competent and persuasive evidence that the final notice was properly mailed.[9] Coleman v. Commissioner, 94 T.C. 82, 90 (1990). As proof that the final notice was mailed to petitioner, respondent produced the Cincinnati Internal Revenue Service Support Center's automated collection service certified mail list for October 23, 2004.[10] The certified mail list contains a date stamp of October 23, 2004, from the Covington, Kentucky, USPS. The certified list shows petitioner's name, taxpayer identification number, the Newark, California, address, the tax form and period to which the notice relates, and the certified mail number of the final notice. Respondent also submitted the Internal Revenue Service account transcript for petitioner which contains an entry indicating that the final notice was mailed to petitioner on October 23, 2004.

Petitioner failed to appear on February 5, 2007, when his case was called, and therefore did not introduce any evidence to

---

[9] Because a statutory notice of deficiency, like a sec. 6330 notice, requires the Commissioner to mail the notice by way of certified or registered mail to the taxpayer's last known address, we apply the principles enunciated in notice of deficiency caselaw to determine whether respondent properly discharged his duty under sec. 6330(a)(2). See sec. 6212.

[10] The certified mail list does not contain any indication of the number of items received by the USPS, nor is it signed or initialed by a USPS employee. The certified mail list offered by respondent is thus insufficient to create a presumption of proper mailing. See Bobbs v. Commissioner, T.C. Memo. 2005-272.

contradict respondent's evidence that a final notice of determination was mailed to petitioner on October 23, 2004. Moreover, the claims made by petitioner are refuted by USPS published policies. The USPS maintains certified mail records for a period of 2 years before they are purged from the USPS system.[11] See http://www.usps.com. Petitioner asserts that he checked the certified mail number through the USPS online track and confirm system and that he spoke by telephone with a USPS representative on December 27, 2006. If the final notice were mailed, as respondent asserts, on October 23, 2004, more than 2 years before petitioner's inquiries, any record of the final notice's certified mail number would have already been purged from the USPS system.

Respondent has offered evidence showing that respondent mailed the final notice to petitioner on October 23, 2004. Petitioner has offered no evidence to contradict that evidence.

Petitioner was required to respond to the final notice by requesting a section 6330 hearing within the 30-day period permitted by section 6330(a)(3)(B). Respondent sent petitioner the final notice on October 23, 2004. Petitioner's section 6330 hearing request needed to be postmarked by November 22, 2004, to be timely mailed; petitioner did not mail his request until April

---

[11] Delivery information for certified mail is accessible on the USPS Web site for 60 days, after which the information is archived and moved to offline storage. See http://www.usps.com.

6, 2005.  Therefore, respondent properly granted petitioner an equivalent hearing and issued a decision letter.  For this reason, this case will be dismissed for lack of jurisdiction.

To reflect the foregoing,

An order of dismissal for lack of jurisdiction will be entered.