T.C. Memo. 2016-90

UNITED STATES TAX COURT

ROBERT W. SCHLEGEL, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 31005-14L.                    Filed May 4, 2016.

Robert W. Schlegel, pro se.

Christina L. Cook, for respondent.

MEMORANDUM OPINION

PUGH, Judge:  This case was commenced in response to a Notice of

Determination Concerning Collection Action(s) Under Section 6320[1] and/or 6330,

---

[1] Unless otherwise indicated all section references are to the Internal
Revenue Code of 1986, as amended and in effect at all relevant times.  Rule
references are to the Tax Court Rules of Practice and Procedure.

[*2] sustaining respondent's Notice of Intent to Levy to collect petitioner's unpaid Federal income tax liabilities for 2009 and 2010.

Respondent filed a Motion for Summary Judgment and accompanying exhibits, including a declaration of Christina L. Cook. Petitioner filed a Cross-Motion for Summary Judgment in response. We then held a hearing on the pending motions at which both sides appeared and represented that this case was ripe for decision without trial as there is no dispute over any material fact.

Rule 121(b) provides in part that after a motion for summary judgment and an opposing response are filed, "[a] decision shall * * * be rendered if the pleadings * * * and any other acceptable materials, together with the affidavits or declarations, if any, show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law." Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).

We have reviewed respondent's motion and the documents submitted in support of respondent's motion, and we have considered petitioner's response and cross-motion. We incorporate by reference the statement of facts contained in the declaration of Ms. Cook. We agree with the parties that the material facts are not

[*3] in dispute, and for the reasons summarized below, we hold that respondent is entitled to a decision sustaining the proposed levy.

Background

Petitioner failed to file Federal income tax returns for 2009 and 2010. In two notices of deficiency, both dated September 9, 2013, respondent determined deficiencies for petitioner's 2009 and 2010 taxable years on the basis of substitutes for returns prepared pursuant to section 6020(b). The notices of deficiency were sent to petitioner's last known address by certified mail. Petitioner failed to file a petition with the Court challenging the notices of deficiency.

On April 19, 2014, respondent sent a Notice of Intent to Levy and Notice of Your Right to a Hearing to petitioner with respect to his unpaid 2009 and 2010 tax liabilities. On May 15, 2014, respondent received petitioner's Form 12153, Request for a Collection Due Process or Equivalent Hearing.

On May 29, 2014, respondent mailed a letter to petitioner, requesting that petitioner complete Forms 1040, U.S. Individual Income Tax Return, for 2011, 2012, and 2013. On August 5 and 6, 2014, Settlement Officer Monica Coronado (SO Coronado) verified that the Internal Revenue Service's (IRS) records included notices of deficiency for 2009 and 2010 and a certified mailing list, with a date

**[\*4]** stamp and postal employee signature, confirming that the notices were sent to petitioner's last known address. The mail article numbers on the certified mailing list matched the mail article numbers on the copies of the notices of deficiency, and the corresponding tracking information showed that both articles of mail were reported as being delivered in Glencoe, MN. The address on the certified mailing list is the same address as was on petitioner's Form 12153 and on his petition to this Court.

On August 12, 2014, SO Coronado mailed a letter to petitioner scheduling a telephonic administrative hearing for September 17, 2014. The letter notified petitioner that to qualify for a face-to-face hearing petitioner had to submit Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and signed Forms 1040 for 2011, 2012, and 2013. The letter explained that petitioner might not be able to dispute the underlying liabilities for 2009 and 2010 because SO Coronado's review of the record indicated that the notices of deficiency were properly sent. The letter, therefore, asked for petitioner's address on the date that the notices were sent, asked whether he had received the notices of deficiency, and enclosed copies thereof. The letter also informed petitioner that he could prepare corrected Forms 1040 for 2009 and 2010

[*5] if he believed the amounts due were inaccurate.  On September 9, 2014, Settlement Officer Cheryl Rieux (SO Rieux) was assigned the case.

On September 16, 2014, SO Rieux received a letter from petitioner, in which he asserted that he had not received a notice of deficiency for 2009 or 2010. He again requested a face-to-face hearing and requested that his case be transferred to a settlement officer in Minnesota so that a face-to-face hearing would be more convenient.  He did not answer the other questions posed or provide any of the requested documents.  Petitioner also failed to contact SO Rieux at the scheduled date and time for the administrative hearing.

On October 21, 2014, SO Rieux mailed petitioner a letter notifying him that he had missed the scheduled administrative conference and that she had not received any of the documents the IRS Office of Appeals (Appeals) had requested. The letter informed petitioner that SO Rieux had reviewed the administrative file and reiterated that to be eligible for an in-person hearing, petitioner would have to be in compliance with his tax filing obligations.  The letter also notified petitioner that Appeals would make a determination based on the administrative record and information previously provided and gave petitioner an additional 14 days to provide any other information he wanted Appeals to consider.  On that same day,

**[*6]** SO Rieux attempted to call petitioner at two different numbers but was unable to reach him.

On November 12, 2014, petitioner sent a letter to SO Rieux again requesting a face-to-face hearing. Petitioner did not provide any of the requested documents.

On November 26, 2014, SO Rieux sent petitioner a notice of determination sustaining the collection action. Petitioner then timely petitioned this Court for redetermination.

Discussion

## I.  Statutory Framework

A taxpayer requesting a hearing in response to a notice of levy pursuant to section 6330 is entitled to a hearing before an impartial officer or employee of Appeals. Sec. 6330(b)(1), (3). At the hearing the taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives. Sec. 6330(c)(2)(A). A taxpayer is precluded from contesting the existence or amount of the underlying tax liability unless the taxpayer did not receive a notice of deficiency for the liability in question or did not otherwise have an earlier opportunity to dispute the liability. Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

**[*7]** Following the hearing, Appeals must determine whether proceeding with the proposed levy is appropriate. In making that determination Appeals is required to consider relevant issues raised by the taxpayer under section 6330(c)(2) and also whether the proposed levy action appropriately balances the need for efficient collection of taxes with the taxpayer's concerns regarding the intrusiveness of the proposed collection action. Sec. 6330(c)(3). In addition, the Appeals officer must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1), (3).

Where the validity of the underlying tax liability is at issue, we review the Commissioner's determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the underlying tax liability is not properly at issue, we review the determination for abuse of discretion. Id. at 182. Appeals abuses its discretion if it acts "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

II. Challenges to the Underlying Liabilities

When, as here, the IRS prepares a substitute for return pursuant to section 6020(b), the taxpayer may raise his underlying liability in an administrative hearing if he did not receive a notice of deficiency or otherwise have a prior opportunity to contest the liability. See secs. 6320(c), 6330(c)(2)(B); see also

[*8] Sego v. Commissioner, 114 T.C. at 609 (2000). But this Court considers a taxpayer's challenge to his underlying liability in a collection action case only if he properly raised that challenge at his administrative hearing. See Giamelli v. Commissioner, 129 T.C. 107, 115-116 (2007); secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. An issue is not properly raised at the administrative hearing if the taxpayer fails to request consideration of that issue by Appeals or if he requests consideration but fails to present any evidence after being given a reasonable opportunity to do so. Giamelli v. Commissioner, 129 T.C. at 115; see McRae v. Commissioner, T.C. Memo. 2015-132, at *8 (holding that the taxpayer failed properly to raise his underlying liability where he failed explicitly to contest it during the administrative hearing and failed to provide any evidence concerning it); see also Zook v. Commissioner, T.C. Memo. 2013-128, at *6 (holding that the taxpayer failed properly to raise her underlying liabilities when she failed to provide any documentation of them and asserted frivolous arguments).

Although petitioner sent several letters asserting that he did not receive a notice of deficiency for either 2009 or 2010, his failure to present evidence, such as Forms 1040 for 2009 and 2010 or the requested financial information, amounts to a failure properly to raise the issue of his underlying liabilities at the

[*9] administrative hearing.  See McRae v. Commissioner, T.C. Memo. 2015-132; secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.  In the August 12, 2014, letter SO Coronado informed petitioner that he could prepare corrected Forms 1040 for 2009 and 2010 if he believed the amounts due were inaccurate.  Petitioner thus was given a reasonable opportunity challenge the underlying liabilities by submitting tax returns to replace the substitutes for returns.  Petitioner declined the opportunity and provided none of the information requested.  Accordingly, we find that regardless of whether petitioner received the notices of deficiency, he did not properly raise his underlying liabilities during the administrative hearing, and therefore cannot dispute the liabilities here.  See Caudle v. Commissioner, T.C. Memo. 2014-196, aff'd, 603 F. App'x. 220 (4th Cir. 2015).

## III.  Verification

Section 6330(c)(1) requires Appeals, as part of its review, to verify that a valid notice of deficiency was issued to the taxpayer.  Jordan v. Commissioner, 134 T.C. 1, 12 (2010); Hoyle v. Commissioner, 131 T.C. 197, 200 (2008).  Where, as here, a taxpayer identifies an irregularity in the assessment procedure, an Appeals officer cannot rely solely on the tax transcripts to verify that a notice of deficiency has been sent.  See Hoyle v. Commissioner, 131 T.C. at 205 n.7

**[\*10]** ("[W]here a taxpayer alleges no notice of deficiency was mailed he has \* \* \* '[identified] an irregularity[.]'"(alteration in original)).  Instead, the Appeals officer is directed to examine "underlying documents in addition to the tax transcripts, such as the taxpayer's return, a copy of the notice of deficiency, and the certified mailing list".  See id. (quoting Chief Counsel Notice CC-2006-19); Marlow v. Commissioner, T.C. Memo. 2010-113, 2010 WL 2011617, at \*8 n.4; Casey v. Commissioner, T.C. Memo. 2009-131.

Compliance with Postal Service Form 3877 mailing procedures raises a presumption of official regularity in favor of the Commissioner.  Hoyle v. Commissioner, 131 T.C. at 203; Coleman v. Commissioner, 94 T.C. 82, 91 (1990).  We have applied this principle in both the deficiency and lien/levy case settings.  See Meyer v. Commissioner, T.C. Memo. 2013-268.

Petitioner argues that respondent is not entitled to the presumption of official regularity in this case because the certified mailing list did not indicate the number of items received by the U.S. Postal Service office and is not signed or initialed by the IRS employees who issued the notices.  We have found in other cases that such infirmities render the presumption of official regularity inapplicable.  See id.  Respondent may still prevail, however, if the evidence of

**[\*11]** mailing is otherwise sufficient. See <u>Coleman v. Commissioner</u>, 94 T.C. at 91; see also <u>Wheat v. Commissioner</u>, T.C. Memo. 1992-268, 1992 WL 95632, at \*4.

While not sufficient to create a presumption of official regularity, the incomplete certified mailing list serves as evidence that the notices of deficiency were mailed to petitioner. See <u>Portwine v. Commissioner</u>, T.C. Memo. 2015-29; see also <u>Massie v. Commissioner</u>, T.C. Memo. 1995-173, <u>aff'd without published opinion</u>, 82 F.3d 423 (9th Cir. 1996). The certified mailing list bears a U.S. Postal Service date stamp and signature. Also, both entries show petitioner's name, his address, and the certified mail article number of the corresponding notice of deficiency. Petitioner has not argued that the address on the certified mailing list was not his last known address, and the address on the certified mailing list is the same address that petitioner reported on his administrative hearing request and on his petition filed with this Court.

Furthermore, Appeals did not rely solely on the certified mailing list to verify that the notices of deficiency had been mailed to petitioner. Appeals also reviewed the copies of the notices of deficiency for the years at issue, and each notice of deficiency bears the same mailing date, mailing address, and certified mail article number as the corresponding entry on the certified mailing list. In

[*12] addition, SO Coronado reviewed the tracking information for each piece of mail corresponding to the certified mail article numbers on the notices of deficiency and verified that those articles of mail were reported as being delivered.

Although respondent is not entitled to a presumption of mailing, we conclude that the dated copies of the notices of deficiency, combined with the incomplete mailing list, are sufficient to show that the notices of deficiency for the years at issue were mailed to petitioner at his last known address. Consequently, we hold that it was not an abuse of discretion for the settlement officers to rely on this information to verify that valid assessments had been made and that the settlement officers properly verified, pursuant to section 6330(c)(1), that "the requirements of any applicable law or administrative procedure have been met".

IV. Face-to-Face Hearing Request

In addition, petitioner sought a face-to-face rather than a telephonic administrative hearing. A face-to-face hearing is not a requirement under section 6330. See Katz v. Commissioner, 115 T.C. 329, 337-338 (2000) (holding that a hearing by telephone or by correspondence is sufficient to satisfy the requirements under section 6330); sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. The regulations further provide that if a face-to-face hearing is not held, a hearing conducted by telephone, by correspondence, or by review of documents will

[*13] suffice for purposes of section 6330(b).  See sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs.  A settlement officer's denial of a face-to-face hearing does not constitute an abuse of discretion where a taxpayer fails to present nonfrivolous arguments, refuses to provide requested financial information, and is not current with his Federal income tax.  Zastrow v. Commissioner, T.C. Memo. 2010-215; see Williamson v. Commissioner, T.C. Memo. 2009-188 (holding that it is not an abuse of discretion to deny a face-to-face hearing when the taxpayer raises frivolous arguments and therefore the hearing would not be productive); Moline v. Commissioner, T.C. Memo. 2009-110 (holding that it is not an abuse of discretion when a settlement officer denies a taxpayer's request for a face-to-face hearing after determining that the hearing would not be productive because of the taxpayer's frivolous or groundless arguments or where the taxpayer has not filed all required tax returns for prior years), aff'd, 363 F. App'x 675 (10th Cir. 2010); sec. 301.6330-1(d)(2), Q&A-D8, Proced. & Admin. Regs.

The record demonstrates that a face-to-face hearing would not have been productive.  The settlement officers provided petitioner with a reasonable opportunity for a telephonic hearing, and petitioner failed to take advantage of that opportunity.  In addition, petitioner failed to submit any of the requested financial information and was not in compliance with his Federal income tax obligations.

[*14] Aside from his argument that he did not receive the notices of deficiency, petitioner did not present any relevant arguments. Therefore, the settlement officers did not abuse their discretion by denying a face-to-face hearing.

Conclusion

On the basis of our review of the administrative record and the notice of determination, the Court concludes that Appeals satisfied the requirements of section 6330, that there is no genuine dispute as to any material fact, and that a decision may be rendered as a matter of law.

To reflect the foregoing,

An order and decision will be entered for respondent.