T.C. Memo. 2017-27

UNITED STATES TAX COURT

JOHN C. NOYES, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27294-14L.                    Filed February 1, 2017.

John C. Noyes, pro se.

<u>Halvor R. Melom</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner seeks review pursuant to sections 6320(c) and 6330(d)(1) of the determination by the Internal Revenue Service (IRS or respondent) to uphold the filing of a notice

[*2] of Federal tax lien (NFTL).[1]  The sole question for decision is whether the IRS settlement officer properly verified that notices of deficiency for the relevant years were mailed to petitioner at his last known address.  We hold that the settlement officer properly verified these facts, and we will accordingly sustain (with one exception noted below) the IRS collection action.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulation of facts and the attached exhibits are incorporated by this reference.  Petitioner resided in California when he filed his petition.

Petitioner last filed a Federal income tax return 25 years ago, for 1991.  On that 1991 return he showed as his address an address in Long Beach, California (Long Beach address).  Petitioner subsequently moved, but he did not inform the IRS of his new address (by filing a Federal income tax return or otherwise) until 2011.  At some time during 2011 he notified the IRS of his current address in Torrance, California (Torrance address).  At all times before 2011 petitioner's last known address, as it appeared in IRS records and computer files, was the Long Beach address.

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times.  We round all monetary amounts to the nearest dollar.

**[\*3]**    Among the many years for which petitioner failed to file returns were 2000-2006, the relevant tax years here.  For each of these years the IRS prepared, on the basis of third-party information reports, a substitute for return (SFR) that met the requirements of section 6020(b).  The IRS prepared notices of deficiency based on these SFRs, determining a tax deficiency and additions to tax for each year.  The aggregate amount of the deficiencies exceeds $60,000.

The IRS mailed the notices of deficiency to petitioner at his Long Beach address.  The notices of deficiency for 2000-2004 were dated June 11, 2007; the notices of deficiency for 2005 and 2006 were dated December 14, 2009.  The U.S. Postal Service (USPS) returned all of these notices to the IRS as undeliverable.

After petitioner failed to petition this Court timely for redetermination of the deficiencies shown on these notices, the IRS assessed the tax for 2000-2006 plus applicable additions to tax and interest.  On April 8, 2014, in an effort to collect these unpaid liabilities, the IRS sent petitioner by certified mail a Final Notice of Federal Tax Lien and Notice of Your Right to a Hearing.  This notice was sent to petitioner's Torrance address, of which he had notified the IRS in 2011.

Petitioner timely requested a CDP hearing.  He asserted that he did not receive the notices of deficiency and alleged that "the IRS never created or mailed to me the statutory notices of deficiency" for 2000-2006.  Apart from these conten-

**[*4]** tions, he did not raise during his CDP hearing any challenge to the amount of his underlying tax liability for any relevant year, nor did he propose any collection alternative. The settlement officer (SO1), after consulting electronic transcripts of petitioner's accounts, concluded that the assessments had been properly made and that all other requirements of applicable law and administrative procedure had been met. On October 14, 2014, SO1 issued petitioner a notice of determination sustaining the NFTL filing.

On November 17, 2014, petitioner timely petitioned this Court for review. On July 21, 2015, respondent moved to remand the case to the IRS Appeals Office for further consideration. Because petitioner denied that he had received the notices of deficiency, respondent concluded that SO1, in order to satisfy the verification requirement, was required to look beyond the computerized account transcripts and search for additional evidence that the notices of deficiency had in fact been properly mailed. See Hoyle v. Commissioner, 131 T.C. 197, 205 n.7 (2008). We directed petitioner to respond to the IRS remand motion, but he ignored our order. On August 25, 2015, we granted respondent's motion and remanded the case to the IRS Appeals Office.

On remand the case was assigned to a new settlement officer (SO2), who scheduled a face-to-face hearing at petitioner's request. Petitioner failed to appear

[*5] for the hearing. SO2 accordingly made his determination on the basis of the information in the administrative file and the additional documentary evidence that he was able to secure.

SO2 requested from the IRS Service Center copies of the notices of deficiency for 2000-2006. He received in response the original notices of deficiency for 2000, 2001, 2002, 2003, and 2005, all of which the USPS had returned to the IRS as undeliverable. To each of these notices was stapled an original certified mail envelope. SO2 received a "reprinted copy" of a notice of deficiency for 2006, but he was unable to secure a mailing envelope, a certified mail list, or other documentary evidence that this notice had actually been mailed to petitioner. SO2 was unable to secure either the original or a copy of a notice of deficiency for 2004 or any documentary evidence that it had been mailed to petitioner.

On the basis of this evidence SO2 concluded that the notice of deficiency for every year but 2004 had been "properly mailed [by] certified mail to the tax-payer's last known address." He concluded that the assessment for 2004 "is not correct because the [S]ervice could not prove that it ever mailed the taxpayer a notice of deficiency for this tax period." The IRS accordingly abated in full the assessed tax liability plus applicable penalties and interest for 2004 and, on

**[\*6]** March 3, 2016, issued petitioner a supplemental notice of determination sustaining the NFTL filing for 2000-2003 and 2005-2006.

After issuing the supplemental notice of determination, the IRS abated in full the assessed tax liability plus applicable penalties and interest for 2006. This reflected its determination that the "reprinted copy" of the 2006 notice, without any evidence of proper mailing, was insufficient to support SO2's satisfaction of the verification requirement. Respondent accordingly urges that we sustain the supplemental notice of determination only with respect to tax years 2000, 2001, 2002, 2003, and 2005.

OPINION

Where the validity of the underlying tax liability is at issue in a CDP case, the Court reviews the IRS' determinations de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). The Court reviews the IRS' determinations regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. at 200; Goza, 114 T.C. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

During the CDP process the settlement officer must: (1) verify that the requirements of applicable law or administrative procedure have been met; (2) con-

**[*7]** sider any relevant issues the taxpayer raised; and (3) determine whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary."[2] See sec. 6330(c)(3). Petitioner did not propose a collection alternative; indeed, he declined to attend the face-to-face hearing that he had specifically requested. His sole contention is that SO2 failed to verify that the notices of deficiency for 2000-2003 and 2005 were actually mailed to him.

As part of his determination the settlement officer must verify that a valid notice of deficiency was issued to the taxpayer at the taxpayer's last known address. Sec. 6330(c)(1); Jordan v. Commissioner, 134 T.C. 1, 12 (2010); Hoyle, 131 T.C. at 200. If a notice of deficiency is mailed to the taxpayer at his last known address, actual receipt of the notice is immaterial; the notice is valid. E.g., United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984).

The taxpayer's "last known address" is the address on his most recently filed and properly processed tax return unless he has given the IRS "clear and concise notification" of a different address. Sec. 301.6212-2(a), Proced. &

---

[2]When a case is remanded to the IRS Appeals Office and a supplemental determination is issued, the position of the IRS that we review is the position taken in the last supplemental determination. E.g., Kelby v. Commissioner, 130 T.C. 79, 86 (2008).

[*8] Admin. Regs.; see King v. Commissioner, 857 F.2d 676, 679-680 (9th Cir. 1988), aff'g 88 T.C. 1042 (1987); Buffano v. Commissioner, T.C. Memo. 2007-32. The taxpayer has the burden of proving that a notice of deficiency was not sent to his last known address. Yusko v. Commissioner, 89 T.C. 806, 808 (1987).

SO2 secured from the IRS Service Center the original notice of deficiency that was mailed to petitioner for 2000, 2001, 2002, 2003, and 2005. SO2 credibly testified that, when he received these documents, each notice had stapled to it an original certified mail envelope. These original notices, with original envelopes attached, were produced at trial. Petitioner has stipulated the authenticity of these documents, copies of which are included as exhibits to the stipulation of facts.

The notices of deficiency for 2000, 2001, 2002, and 2003 are dated June 11, 2007. Each notice is addressed to petitioner at his Long Beach address, and each shows a 20-digit USPS certified mail number at the top right of the cover page.[3]

---

[3]Petitioner asserts that he recently tried to look up, on the USPS Web site, the 20-digit certified mail numbers appearing on the notices of deficiency. He urges that his inability to find any tracking information proves that the notices were never mailed. Petitioner's conclusion does not follow from his premise. The notices of deficiency at issue were mailed in 2007 and 2009, and the USPS purges certified mail records after two years. See Fong v. Commissioner, T.C. Memo. 2007-137, 93 T.C.M. (CCH) 1299, 1301, aff'd, 103 A.F.T.R.2d (RIA) 2009-1222 (9th Cir. 2009).

[*9] The envelope stapled to each notice is imprinted with the words "CERTIFIED MAIL."

Each envelope is a "windowed" or "look through" envelope, such that petitioner's address as printed on the notice would have appeared through the transparency. Each envelope bears a USPS return-to-sender label captioned "NOYE" followed by the numbers "752." "NOYE" corresponds to the first four letters of petitioner's last name, and "752" corresponds to the last three digits of his street address. Each envelope bears a USPS notation that the envelope was returned to sender on June 27, 2007, as "not deliverable as addressed." That date is 16 days after the date shown on each notice of deficiency.[4]

The notice of deficiency for 2005 is dated December 14, 2009. It is also addressed to petitioner at his Long Beach address and shows a 20-digit certified mail number. The envelope stapled to this notice, likewise a "windowed" or "look through" envelope, reads "CERTIFIED MAIL." It bears a return-to-sender label captioned "NOYE" followed by the numbers "752" and a USPS notation that it was returned to sender as "attempted--not known" on December 22, 2009. That date is eight days after the date shown on the notice of deficiency.

---

[4]Petitioner notes that the envelopes themselves do not show his name or address. That is because the envelopes are "windowed," such that the name and address shown on each notice of deficiency would appear through the window.

**[\*10]** Respondent bears the burden of proving, by competent and persuasive evidence, the proper mailing of the notices of deficiency. Coleman v. Commissioner, 94 T.C. 82, 90 (1990). Generally, if the IRS shows that the notice of deficiency existed and produces a properly completed USPS certified mail list, it is entitled to a presumption of mailing. See O'Rourke v. United States, 587 F.3d 537, 540 (2d Cir. 2009); Zolla, 724 F.2d at 810; Coleman, 94 T.C. at 91-92. It is well established, however, that the IRS is not required to produce a certified mail list if it provides evidence of proper mailing that is "otherwise sufficient." Coleman, 94 T.C. at 91; see also Cropper v. Commissioner, 826 F.3d 1280, 1286 (10th Cir. 2016), aff'g T.C. Memo. 2014-139; Wheat v. Commissioner, T.C. Memo. 1992-268, 63 T.C.M. (CCH) 2955, 2958. In addition, when "the existence of a notice of deficiency is not in dispute," as is the case here, all that is required is "evidence corroborating an actual timely mailing of the notice of deficiency." Welch v. United States, 678 F.3d 1371, 1378-1379 (Fed. Cir. 2012).

Given the passage of time, SO2 was unable to secure certified mail lists recording delivery of the five certified mail envelopes to the USPS. However, respondent has convincingly established that the notices of deficiency for 2000, 2001, 2002, 2003, and 2005 were actually sent to petitioner by certified mail. Each notice has a certified mail number and each envelope reads "CERTIFIED

[*11] MAIL" at the top.  Each envelope bears a USPS notation showing that it was mailed to petitioner at his Long Beach address.  And each envelope bears a USPS notation that the envelope was returned to the IRS on a date that is shortly after the date imprinted on the notice of deficiency.  Petitioner has not suggested any other communication that the IRS might have directed to him on these dates.  We have no difficulty concluding that the notices of deficiency were mailed in the envelopes to which they were attached.

Petitioner does not dispute that the Long Beach address was his "last known address" when the notices of deficiency were mailed to him in 2007 and 2009.  In any event, SO2 verified that fact by consulting two separate IRS databases.  Those databases revealed that the year of petitioner's latest return was 1991, that the address shown on that return was the Long Beach address, and that petitioner did not notify the IRS of his new Torrance address until 2011.[5]  We accordingly find that SO2 exercised reasonable diligence in determining that the Long Beach address was petitioner's "last known address."  See King, 857 F.2d at 680 (adopting "bright-line rule" that "the taxpayer's 'last known address' is the address * * *

---

[5]The transcript of petitioner's account for each year shows the Torrance address followed by the notation "ADDR-CHG-CYCT>2011-37."  SO2 testified to his understanding that petitioner notified the IRS of his new address during "cycle 37" of calendar year 2011.

- 12 -

**[\*12]** [shown] on his/her most recent return" so that "[a] notice of deficiency mailed to that address will be sufficient, unless the taxpayer subsequently communicates 'clear and concise' notice of a change of address").

In sum, SO2 reasonably concluded that the notices of deficiency for 2000, 2001, 2002, 2003, and 2005 were actually mailed to petitioner at his last known address. SO2 therefore properly determined that the tax for each year had been properly assessed, even though petitioner did not receive the notices. See Zolla, 724 F.2d at 810; DeWelles v. United States, 378 F.2d 37, 39 (9th Cir. 1967); Pietanza v. Commissioner, 92 T.C. 729, 736 (1989) (granting the taxpayer's motion to dismiss for lack of jurisdiction where the IRS failed to prove the mailing of a valid notice of deficiency), aff'd without published opinion, 935 F.2d 1282 (3d Cir. 1991). We will therefore sustain the proposed collection action for 2000, 2001, 2002, 2003, and 2005 but not for 2006.

To implement the foregoing,

Decision will be entered for respondent sustaining the supplemental notice of determination to the extent set forth above.