T.C. Memo. 2017-39

UNITED STATES TAX COURT

JOANNE C. RUDDY AND JOSEPH C. RUDDY, JR., Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14602-15L.                    Filed February 22, 2017.

Joanne C. Ruddy and Joseph C. Ruddy, Jr., pro sese.

<u>William J. Gregg</u> and <u>Bartholomew Cirenza</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioners

seek review pursuant to section 6330(d)(1) of the determination by the Internal

**[*2]** Revenue Service (IRS or respondent) to uphold a notice of intent to levy.[1]

The IRS has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that its determination to sustain the levy was proper as a matter of law. We agree and accordingly will grant the motion.

Background

The following facts are derived from the parties' pleadings and motion papers, including the declarations and the exhibits attached thereto. Petitioners resided in Maryland when they petitioned this Court.

Petitioners filed on August 10, 2010, a joint Federal income tax return for 2009. A revenue agent (RA) in the Baltimore, Maryland, IRS office conducted an examination of that return and determined a tax deficiency of $27,745 and an accuracy-related penalty of $5,549. The RA prepared a notice of deficiency, addressed to petitioners jointly, setting forth this determination. The notice is dated July 26, 2013, and has "CERTIFIED MAIL" imprinted at the top left corner.

The RA mailed separate copies of the notice of deficiency to petitioner-husband and petitioner-wife at an address on Forest Road in Cheverly, Maryland

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[*3] (Forest Road address).[2] Petitioners concede that the Forest Road address was their last known address. The RA concurrently mailed two substantially identical notices of deficiency for 2009 to petitioners at another address in Cheverly, Maryland (64th Avenue address).

The RA placed each notice of deficiency in a separate envelope, which had a transparent or "look-through" window through which the address imprinted on each notice would appear. Each envelope bore a distinct 20-digit U.S. Postal Service (USPS) certified mail number evidencing that each envelope was sent by certified mail. The record includes copies of all four notices of deficiency and copies of the four envelopes in which the notices were mailed. All four envelopes were returned to the IRS as undeliverable on August 20, 2013.

Respondent included with his summary judgment motion copies of two USPS Forms 3877. These show that four articles, with certified mail numbers matching those on the four envelopes, were received by the USPS in Baltimore, Maryland, on July 26, 2013. The Forms 3877 show that two of the articles were

---

[2]Section 6212(b)(2) provides that, where a joint return was filed, the IRS may send a single joint notice of deficiency. However, the IRS is required, "whenever practicable," to send any notice relating to a joint return separately to each spouse. Internal Revenue Service Restructuring and Reform Act of 1988, Pub. L. No. 105-206, sec. 3201(d), 112 Stat. at 740; see also Internal Revenue Manual pt. 4.10.1.6.8 (Feb. 24, 2015) (entitled "Separate Notice Requirements for Joint Returns").

[*4] sent to petitioners at the Forest Road address, and that two of the articles were sent to petitioners at the 64th Avenue address. Each Form 3877 is signed by a USPS employee, bears the stamp of the USPS facility in Baltimore, Maryland, and confirms that the number of items received by USPS equaled the number of items listed on each Form 3877.

Respondent also included with his summary judgment motion a USPS "Product & Tracking Information" sheet for the notice of deficiency sent to petitioner-wife at the Forest Road address. This document shows that the notice left the USPS facility on July 27, 2013; that a delivery was attempted that same day; and that a notice of attempted delivery was left for petitioner-wife at the Forest Road address.

Petitioners did not petition this Court for review of those notices, and on December 20, 2013, the IRS assessed the tax and penalty for 2009. In an effort to collect this outstanding liability the IRS timely sent petitioners a Notice of Intent to Levy and Your Right to a Hearing. They timely requested a CDP hearing.

A settlement officer (SO) from the IRS Appeals Office wrote petitioners to acknowledge receipt of their hearing request and to inform them that he had scheduled a telephone CDP hearing for November 18, 2014. The SO informed petitioners that, if they wanted a collection alternative, they should provide a

[*5] completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. Petitioners supplied no documents before the hearing.

During the CDP hearing petitioners argued that the levy was invalid on the theory that the IRS had made the assessment after the period of limitations for assessment had expired. See sec. 6501. Since petitioners had filed their 2009 return on August 10, 2010, the three-year limitations period was originally set to expire on August 10, 2013. However, upon proper mailing of the notice of deficiency, that period was extended until January 7, 2014. See sec. 6503(a)(1). Because the IRS had assessed the tax on December 20, 2013, the SO determined that the assessment was timely.[3]

Petitioners and the SO held multiple calls and exchanged multiple letters and faxes during the next few months. Petitioners continued to argue that the assessment period of limitations had expired, principally by questioning whether the notices of deficiency had been properly mailed. In response to that argument, the SO retrieved and sent petitioners copies of the first pages of the four notices of

---

[3]A question arose during the CDP hearing as to whether petitioners had signed a Form 872, Consent to Extend the Time to Assess Tax, that extended the assessment period of limitations even further. The SO informed petitioners that he did not need to resolve that question because the December 20, 2013, assessment was timely regardless of whether petitioners had signed a Form 872.

**[*6]** deficiency and of the envelopes in which they had been mailed. When petitioners continued to express dissatisfaction with this evidence and proposed no collection alternative, the SO concluded that further discussions would be fruitless. On May 6, 2015, the IRS issued petitioners a notice of determination sustaining the levy.

Petitioners timely petitioned this Court for review of this determination. In their petition, petitioners acknowledged that the Forest Road address was the address shown on their 2009 income tax return, was their current address, and was at all relevant times their last known address. Their sole contention was that, because the IRS assertedly had not sent a notice of deficiency to this address, the assessment period of limitations had expired. Respondent moved for summary judgment, and petitioners filed an objection.

Discussion

A.   Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid unnecessary and time-consuming trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992),

[*7] aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Sundstrand Corp., 98 T.C. at 520. However, where the moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading," but must set forth specific facts, by affidavit or otherwise, showing that there is a genuine dispute for trial. Rule 121(d).

In light of respondent's motion, the supporting affidavit, the administrative record attached as exhibits to that affidavit, and petitioner's filings, we find that there exists no dispute as to any material fact and that summary adjudication is appropriate.

B.    Standard of Review

Petitioners have not challenged the amount of their underlying tax liability for 2009, and we accordingly review the IRS determination for abuse of discretion only. See Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

**[*8]**    In deciding whether the SO abused his discretion in sustaining the collection action we consider whether he:  (1) properly verified that the requirements of any applicable law or administrative procedure have been met; (2) considered any relevant issues petitioners raised; and (3) considered whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioners] that any collection action be no more intrusive than necessary."  See sec. 6330(c)(3).  The only issue petitioners raised, at the CDP hearing or in their petition, is whether the SO properly verified that the tax was properly assessed, given their assertion that the IRS failed to send them a notice of deficiency for 2009.

C.    Analysis

Under section 6501(a), the IRS is generally required to assess a tax within three years after a tax return is filed.  The assessment period of limitations is tolled when the IRS mails a notice of deficiency to the taxpayer under section 6212(a).  Sec. 6503(a).  The assessment period of limitations is tolled for 90 days once a notice of deficiency has been mailed and then for an additional 60 days if the taxpayer has failed to petition the Tax Court within that time.  Secs. 6213(a), 6503(a); Dritz v. Commissioner, T.C. Memo. 1969-175, aff'd, 427 F.2d 1176 (5th Cir. 1970).  If a notice of deficiency was properly mailed to petitioners, the period

**[*9]** of limitations on assessment, originally set to expire on August 10, 2013, was extended by 150 days, to January 7, 2014. The December 20, 2013, assessment was thus timely so long as the notice of deficiency was properly mailed.

Section 6212(a) provides that the IRS may "send notice of such deficiency to the taxpayer by certified mail or registered mail." Actual receipt of the notice by the taxpayer is not required to establish the validity of an assessment. See, e.g., Keado v. United States, 853 F.2d 1209, 1211-12 (5th Cir. 1988); Cohen v. United States, 297 F.2d 760, 772 (9th Cir. 1962). However, the IRS must present persuasive evidence that the notice of deficiency was actually mailed to the taxpayer on a particular date before it can rely on a mailing to toll the period of limitations. August v. Commissioner, 54 T.C. 1535, 1536-37 (1970).

A properly completed USPS Form 3877 represents direct documentary evidence of the date and fact of mailing and demonstrates IRS compliance with its established procedures for sending deficiency notices. Keado, 853 F.2d at 1212-13; Magazine v. Commissioner, 89 T.C. 321, 327 (1987); Cataldo v. Commissioner, 60 T.C. 522 (1973), aff'd, 499 F.2d 550 (2d Cir. 1974). Exact compliance with the Form 3877 mailing procedures raises in favor of the IRS a presumption of official regularity that shifts the burden of going forward to the taxpayer. United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984); United States v. Ahrens, 530

[*10] F.2d 781, 784 (8th Cir. 1976). A taxpayer may rebut this presumption by affirmatively showing that the IRS failed to follow its established procedures. A properly completed Form 3877 by itself is generally sufficient, absent evidence to the contrary, to establish that the notice was properly mailed to the taxpayer. Zolla, 724 F.2d at 810; Ahrens, 530 F.2d at 785-786; Coleman v. Commissioner, 94 T.C. 82, 90-91 (1990).

Even without the presumption of official regularity, the IRS can still prevail so long as it provides "otherwise sufficient" evidence of mailing. Welch v. United States, 678 F.3d 1371, 1377 (Fed. Cir. 2012). Broadly speaking, the more documentation the IRS presents, the less likely it is that minor errors or omissions will defeat its proffer. And when "the existence of a notice of deficiency is not in dispute," as is the case here, all that is required is "evidence corroborating an actual timely mailing of the notice of deficiency." Id. at 1378-79.

Here, respondent has supplied copies of two USPS Forms 3877 showing that a total of four articles, with certified mail numbers matching those on the four envelopes, were received by the USPS in Baltimore, Maryland, on July 26, 2013. That date matches the date on the notices of deficiency. Each Form 3877 is signed by a USPS employee and bears the stamp of the USPS facility in Baltimore, Maryland. One of the Forms 3877 shows that two articles were addressed to petitioners

[*11] at the Forest Road address, which they concede was their last known address.[4]

These Forms 3877 give rise to a presumption of official regularity, and petitioners have not rebutted this presumption by showing that the IRS failed to follow its established procedures. Petitioners allege as a defect that the certified mail numbers matching those on the Form 3877 are imprinted, not on the notices, but on the envelopes. However, as we noted in Garrett v. Commissioner, T.C. Memo. 2015-228, at *6, there is "no authority that establishes that a notice of deficiency sent by certified mail must bear the certified mail number."

Here, the notices of deficiency are imprinted with the words "CERTIFIED MAIL"; the notices bear the same date as the Forms 3877; the certified mail numbers on the envelopes match those on the Forms 3877; and one of the Forms 3877 establishes that separate notices were sent to petitioner-husband and petitioner-wife at what they concede was their last known address. We thus hold here, as we did in Garrett, that the Forms 3877 are sufficient as a matter of law to establish the

---

[4]Petitioners assert that the Forms 3877 are incomplete because they are "not signed by a Postal employee and do not indicate the number of pieces of mail that the Postal employee received." Both assertions are incorrect. Each Form 3877 is signed by a USPS employee and indicates that the "total number of pieces listed by sender (8)" matches "the total number of pieces received at post office (8)."

**[\*12]** validity of the assessments. See id. at \*7 (ruling that "the certified mail list evidences that the notice of deficiency was mailed to" the taxpayer).

Even if the presumption of official regularity were somehow thought inapplicable here, respondent would still prevail because he has provided "otherwise sufficient" evidence of mailing. See Welch, 678 F.3d at 1377. Apart from the Forms 3877, respondent has supplied mailing envelopes bearing the four certified mail numbers that appear on the Forms 3877. He has also supplied a USPS Product & Tracking Information sheet confirming that the notice of deficiency sent to petitioner-wife at the Forest Road address departed the USPS facility on July 27, 2013, and was delivered that same day. Collectively, this evidence convinces us that the notices of deficiency were mailed to petitioners at their last known address on July 26, 2013. See Cropper v. Commissioner, 826 F.3d 1280, 1286 (10th Cir. 2016) (holding that proof of mailing was "otherwise sufficient" where IRS produced copies of the deficiency notices, the defects in the USPS Forms 3877 were minor, and the Forms 3877 were datestamped with the date on which the notices were submitted to USPS), aff'g T.C. Memo. 2014-139; Welch,

**[\*13]** 678 F.3d at 1379-80 (affirming summary judgment for the IRS despite absence of a Form 3877).[5]

Finally, petitioners note that one of the IRS transcripts of their 2009 account does not specify the date on which the notice of deficiency was mailed. That is true, and this may have constituted an arguable irregularity in the assessment process. But the remedy that petitioners seek (invalidation of the assessment) is improper. In the event of such an irregularity, the IRS and the Court are required "to examine underlying documents in addition to the tax transcripts," such as the notices of deficiency, the envelopes in which they were mailed, and the certified mailing list. See Hoyle v. Commissioner, 131 T.C. 197, 205 n.7 (2008); Meyer v. Commissioner, T.C. Memo. 2013-268, at \*15-\*16 & n.10. Although it is not clear that the circumstances required the SO to examine such underlying documents here, he did so and we have done the same. These underlying documents establish the mailing of the notices of deficiency to petitioners' last known address.

In sum, we conclude that the SO properly verified that the notices of deficiency were properly mailed to petitioners at their last known address and hence

---

[5]Petitioners note that the envelopes do not themselves contain petitioners' address. This is not a defect: the envelopes are "look-through" envelopes, such that the address imprinted on the notice would show through the window. See Noyes v. Commissioner, T.C. Memo. 2017-27, at \*9 & n.4.

**[*14]** that the tax for 2009 was timely assessed.  Finding no abuse of discretion in this or in any other respect, we will grant summary judgment for respondent sustaining his determination to uphold the levy.

To implement the foregoing,

An appropriate order and decision will be entered.