# United States Tax Court

T.C. Memo. 2025-111

CAROL RAE FOULDS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

—————

Docket No. 20187-21L.                    Filed October 30, 2025.

—————

Carol Rae Foulds, pro se.

*Britton G. Wilson* and *Christina L. Holland*, for respondent.

## MEMORANDUM OPINION

URDA, *Chief Judge*: In this collection due process (CDP) case petitioner, Carol Rae Foulds, seeks review pursuant to section 6330(d)(1)[1] of a determination by the Internal Revenue Service (IRS) Independent Office of Appeals (Office of Appeals) upholding a notice of intent to levy with respect to her unpaid federal income tax liabilities for 2014 and 2016 tax years (levy notice). The Commissioner has filed a motion for summary judgment, contending that there is no genuine dispute as to any material fact and that the determination to sustain the levy notice was proper as a matter of law. We agree and will grant the Commissioner's motion.

—————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts have been rounded to the nearest dollar.

**[\*2]**                                  *Background*

Dr. Foulds did not respond to the Commissioner's motion for summary judgment. The following uncontroverted facts are taken from the petition, the exhibits attached to the declaration supporting summary judgment, and the other filings in this case. *See, e.g., Kotrides v. Commissioner*, T.C. Memo. 2022-67, at \*2. Dr. Foulds lived in Kansas when she timely petitioned this Court.

I.     *Dr. Foulds's Tax Liabilities*

Dr. Foulds did not file federal income tax returns for her 2013–19 tax years. As most relevant to this case, the IRS prepared substitutes for returns for her 2014 and 2016 tax years under the authority of section 6020(b). The IRS sent Dr. Foulds notices of deficiency for 2014 and 2016 by certified mail to her office address in Leawood, Kansas, which she used to receive mail deliveries. Dr. Foulds did not file a petition in this Court contesting either deficiency determination, and the IRS subsequently assessed the amounts it had determined.

II.    *Collection Activities*

As of October 3, 2020, Dr. Foulds's outstanding 2014 and 2016 tax liabilities totaled $729,910. To collect these outstanding amounts, the IRS issued the levy notice. Through counsel, Dr. Foulds filed a timely request for a CDP hearing, checking the boxes for "I cannot pay balance" and "Lien Withdrawal." Dr. Foulds elaborated that she (1) "intend[ed] to challenge the assessments as it is [a substitute for return]," (2) "wishe[d] to [pursue] resolution on outstanding liabilities," and (3) "is working to become compliant and . . . file outstanding returns."

A.     *Initial CDP Hearing*

The case thereafter was assigned to a settlement officer, who sent a letter scheduling a telephone CDP hearing for March 17, 2021. In that letter the settlement officer asked Dr. Foulds to provide, inter alia, signed federal income tax returns for numerous tax years, proof of estimated tax payments, a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, a completed Form 433-B, Collection Information Statement for Businesses, and assorted financial documents. Dr. Foulds did not provide any information requested in this letter before the scheduled hearing date.

**[\*3]**    On March 4, 2021, the settlement officer spoke with Dr. Foulds's representative, who requested a delay of the hearing so that he might assemble documentation.  The settlement officer agreed, rescheduling the initial CDP hearing for March 30, 2021.

The CDP hearing took place as rescheduled, with Dr. Foulds's representative explaining that she had prepared tax returns for 2014 and 2016, which showed significantly lower liabilities.  The settlement officer took the position that he would not consider any collection alternatives because Dr. Foulds was not in filing compliance with her 2013–19 tax returns and had not provided the requested financial documentation.  The Office of Appeals thereafter issued a notice of determination sustaining the levy notice.

B.    *Tax Court Proceedings and Supplemental CDP Hearing*

Dr. Foulds filed a timely petition in this Court challenging the notice of determination, focusing exclusively on the amounts of the underlying liabilities.  We later granted the Commissioner's motion to remand the case to the Office of Appeals to "verify that the statutory notice of deficiency was properly issued."

On remand, a settlement officer from the Office of Appeals issued a letter scheduling a face-to-face supplemental hearing as to the mailing of the notices of deficiency.  Before that hearing, the settlement officer obtained a copy of each notice of deficiency, as well as the certified mailing lists, U.S. Postal Service (USPS) Form 3877, Firm Mailing Book For Accountable Mail, which indicated that the notices had been sent to Dr. Foulds at the Leawood address.  The settlement officer further consulted IRS transcripts, which showed the Leawood address as Dr. Foulds's address from 2008 through 2021, when there was an address change.

At Dr. Foulds's request, the supplemental hearing was held by telephone.  During the hearing Dr. Foulds explained that the address on the notices of deficiency was her office address at the time and that all her mail was delivered to her office rather than her home.  Dr. Foulds further confirmed that she continued to follow the same practice of directing all mail to her then-current office address.  As Dr. Foulds did not contest receipt of the notices, the settlement officer proceeded to inquire whether Dr. Foulds had submitted tax returns as suggested in the original hearing.  After Dr. Foulds confirmed that she had not done so (and raised no further issues), the settlement officer informed her

**[*4]** that he would close the supplemental hearing having verified that the notices of deficiency had been properly mailed.

The Office of Appeals thereafter issued a supplemental notice of determination sustaining the proposed levy. In addition to concluding that the notices of deficiency had actually been mailed, the supplemental notice further observed that Dr. Foulds had not filed returns for 2017–21.

After the issuance of the supplemental notice, the Commissioner filed a motion for summary judgment. We directed Dr. Foulds to respond and to appear at a hearing on the motion, but she did neither. We gave her an additional opportunity after the hearing to file a response, but she again did not do so.

*Discussion*

I.    *General Principles*

A.    *Summary Judgment*

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). Under Rule 121(a)(2), the Court shall grant summary judgment when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). However, the nonmoving party may not rest upon the mere allegations or denials of her pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Because Dr. Foulds did not respond to the motion for summary judgment, we could enter decision against her for that reason alone. *See* Rule 121(d). We will nevertheless consider the motion on its merits. We conclude that no material facts are in genuine dispute and that this case is appropriate for summary adjudication.

**[\*5] B.** *Standard of Review*

We have jurisdiction to review the determination of the Office of Appeals under section 6330(d)(1). Where the validity of a taxpayer's underlying liability is properly at issue, we review the determination de novo. *Sego v. Commissioner*, 114 T.C. 604, 609–10 (2000). Where the validity of the underlying liability is not properly at issue, the Court will review the settlement officer's determination for abuse of discretion. *Id.* at 610. Abuse of discretion exists when a determination is "arbitrary, capricious, or without sound basis in fact or law." *Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006).

"When this Court remands a case to the [Office of Appeals], the second hearing supplements the taxpayer's original CDP hearing and is not a new hearing in and of itself." *Besore v. Commissioner*, T.C. Memo. 2025-10, at \*7; *see also Kelby v. Commissioner*, 130 T.C. 79, 86 (2008); *Drake v. Commissioner*, T.C. Memo. 2006-151, 2006 WL 2052889, *supplementing* 125 T.C. 201 (2005), *aff'd*, 511 F.3d 65 (1st Cir. 2007). "The resulting section 6330 hearing on remand provides the parties with the opportunity to complete the initial section 6330 hearing while preserving the taxpayer's right to receive judicial review of the *ultimate* administrative determination." *Kelby*, 130 T.C. at 86 (quoting *Drake v. Commissioner*, 2006 WL 2052889, at \*11).

In the wake of such a remand, we generally review the supplemental notice of determination. *See, e.g.*, *Hoyle v. Commissioner*, 136 T.C. 463, 467–68 (2011), *supplementing* 131 T.C. 197 (2008); *Kelby*, 130 T.C. at 86; *Schwartz v. Commissioner*, T.C. Memo. 2025-64, at \*5; *Palli v. Commissioner*, T.C. Memo. 2025-54, at \*11–12. Where, as here, the supplemental notice encapsulates only a discrete part of the administrative determination, we look to the initial notice as well. *Cf. Kelby*, 130 T.C. at 86–87 ("[T]he issuance of the supplemental notice of determination would generally make it unnecessary for the Court to review the Commissioner's position taken before the determination was supplemented."); *see also Palli*, T.C. Memo. 2025-54, at \*12.

**II.** *Underlying Liabilities*

A taxpayer may raise a challenge to the existence or amount of her underlying liability during her CDP proceeding only if she did not receive a statutory notice of deficiency for the tax year at issue or otherwise have an opportunity to dispute it. *See* I.R.C. § 6330(c)(2)(B).

**[\*6]** Dr. Foulds has asserted both at the Office of Appeals and in this Court that the amounts of her underlying liabilities are incorrect.

The Commissioner, however, has supplied dated notices of deficiency (with certified mailing numbers) and a matching USPS Form 3877, which indicate that the notices were mailed to the office address Dr. Foulds used for her mail deliveries. *See Cropper v. Commissioner*, 826 F.3d 1280, 1286 (10th Cir. 2016), *aff'g* T.C. Memo. 2014-139; *Portwine v. Commissioner*, T.C. Memo. 2015-29, at *10–12, *aff'd*, 668 F. App'x 838 (10th Cir. 2016). Where, as here, "the existence of the notice of deficiency is not disputed, a properly completed Form 3877 by itself is sufficient, absent evidence to the contrary, to establish that the notice was properly mailed to a taxpayer." *Coleman v. Commissioner*, 94 T.C. 82, 91 (1990) (discussing principle in deficiency context); *accord Portwine*, T.C. Memo. 2015-29, at *10–11 (recognizing principle in CDP context). More specifically, "[e]xact compliance with [the] Form 3877 mailing procedures raises a presumption of official regularity in favor of the Commissioner," which the taxpayer must rebut. *Portwine*, T.C. Memo. 2015-29, at *10; *see also Ruddy v. Commissioner*, T.C. Memo. 2017-39, at *9, *aff'd*, 727 F. App'x 777 (4th Cir. 2018).

"Although an incomplete certified mailing list that does not contain all of the information required by Form 3877 is insufficient to create a presumption of proper mailing, it nevertheless has some probative value." *Portwine*, T.C. Memo. 2015-29, at *11. "Even without the presumption of official regularity, the IRS can still prevail so long as it provides 'otherwise sufficient' evidence of mailing." *Ruddy*, T.C. Memo. 2017-39, at *10 (quoting *Welch v. United States*, 678 F.3d 1371, 1377 (Fed. Cir. 2012)); *accord Schlegel v. Commissioner*, T.C. Memo. 2016-90, at *10–11 (citing *Coleman*, 94 T.C. at 91).

The USPS Form 3877 in this case has two footfaults in that it lacks the signature (or initials) of the IRS employee who issued the notices and fails to show the number of mail pieces received by USPS. We have previously held that these omissions, together with other mistakes and omissions, "render[s] the presumption of official regularity inapplicable." *Schlegel*, T.C. Memo. 2016-90, at *10; *see also Meyer v. Commissioner*, T.C. Memo. 2013-268, at *24.

Regardless of whether that presumption applies here, on the preponderance of the evidence we find that the Commissioner has provided otherwise sufficient evidence to establish that the IRS mailed the notices of deficiency to Dr. Foulds. *See, e.g., Ruddy*, T.C.

[*7] Memo. 2017-39, at *10; *Portwine*, T.C. Memo. 2015-29, at *11; *Campbell v. Commissioner*, T.C. Memo. 2013-57, at *8. Specifically, the Commissioner has introduced the notices of deficiency, which bear the same mailing dates, mailing address, and certified mail article numbers as the corresponding entries in the certified mailing list, which indicates that the notices were mailed to Dr. Foulds. "The mailing of a properly addressed letter creates a 'presumption that it reached its destination and was actually received by the person to whom it was addressed' . . . ." *BM Constr. v. Commissioner*, T.C. Memo. 2021-13, at *12 (quoting *Rivas v. Commissioner*, T.C. Memo. 2017-56, at *20). Moreover, Dr. Foulds has acknowledged that she used the address for her mail deliveries and has not denied at any point in these proceedings that she received the notices.

In short, the undisputed facts in the record before us establish that Dr. Foulds received the 2014 and 2016 notices of deficiency but did not petition this Court for redetermination. Dr. Foulds accordingly was precluded from contesting the 2014 and 2016 tax liabilities before the Office of Appeals during her CDP hearing and is similarly precluded from doing so before us. *See* I.R.C. § 6330(c)(2)(B); *see also Goza v. Commissioner*, 114 T.C. 176, 182–83 (2000).

III.    *Abuse of Discretion*

As Dr. Foulds is not entitled to challenge her underlying liabilities, we review the determination of the Office of Appeals for abuse of discretion. We accordingly consider whether the Office of Appeals (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues Dr. Foulds raised, and (3) weighed "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [Dr. Foulds] that any collection action be no more intrusive than necessary." I.R.C. § 6330(c)(3). Our review of the record establishes that the Office of Appeals satisfied all the requirements.

A.    *Verification*

We have authority to review satisfaction of the verification requirement regardless of whether the taxpayer raised that issue at the CDP hearing. *See Hoyle*, 131 T.C. at 200–03. Dr. Foulds has not at any point in this case challenged the satisfaction of the verification requirement, and we conclude from the record that the settlement

**[*8]** officer's review, as supplemented on remand, verified that all applicable requirements were met. *See* Rules 121(d), 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded.").

### B. *Issues Raised*

Dr. Foulds did not raise any issues at the CDP hearing beyond the underlying liabilities, nor did she pursue any collection alternatives or lien withdrawal. We accordingly conclude that the Office of Appeals did not abuse its discretion in fulfilling its obligation under section 6330(c)(3)(B) to consider any "issues raised" by Dr. Foulds during the hearing. *See Magana v. Commissioner*, 118 T.C. 488, 493 (2002) ("[G]enerally it would be anomalous and improper for us to conclude that [a settlement officer] abused [his] discretion . . . in failing to . . . consider arguments, issues, or other matter not raised by taxpayers or not otherwise brought to the attention of [the settlement officer]."); *BM Constr.*, T.C. Memo. 2021-13, at *18.

### C. *Balancing Analysis*

Dr. Foulds did not allege in her petition or argue at any later point that the Office of Appeals failed to consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." *See* I.R.C. § 6330(c)(3)(C). She thus has conceded this issue. *See* Rule 331(b)(4); *see also* Rule 121(d). In any event the notice of determination and the supplemental notice of determination both concluded that the proposed levy balanced the need for efficient tax collection with Dr. Foulds's legitimate concerns about intrusiveness since a collection alternative could not be reached. We find in the record no basis for disturbing this conclusion.

## IV. *Conclusion*

Finding no abuse of discretion, we will grant summary judgment for the Commissioner and affirm the Office of Appeals' determination to sustain the proposed levy.

To reflect the foregoing,

*An appropriate order and decision will be entered.*